IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BOBBY EUGENE RODDY,

        Petitioner,

v.                               CIVIL ACTION NO.   2:13-cv-31233

MARVIN C. PLUMLEY,

        Respondent.

**ORDER**

      This action was referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted findings of fact and has recommended that the court **DENY** the petitioner's Petition for Writ of Mandamus for Immediate Release from Custody [Docket 1] as being legally frivolous and failing to state a claim upon which relief can be granted.

      Objections to the Magistrate Judge's proposed findings of fact and recommendation ("PF&R") were due on April 14, 2014. On April 8, 2014, instead of filing objections, the petitioner filed an appeal for writ of mandamus to the Fourth Circuit Court of Appeals. (*See* Appeal for Writ of Mandamus [Docket 13]). On June 24, 2014, the Fourth Circuit dismissed the petitioner's appeal because it did not have jurisdiction to grant mandamus relief against state officials or review final state court orders. *In re Roddy*, No. 14-1317, --- F. App'x ---, 2014 WL 2854123, at *1 (4th Cir. June 24, 2014). In addition, to the extent the petitioner's appeal could be construed as an objection

to the Magistrate Judge's PF&R, the Fourth Circuit concluded that the objections had been filed prematurely. *Id.* at *1 n.1 (citing 28 U.S.C. §§ 1291, 1292 (2012)).

In light of the liberal construction given to pro se filings, I will construe the petitioner's appeal for writ of mandamus as a timely objection to the Magistrate Judge's PF&R. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Traywick v. Med. Univ. of S. Carolina*, 34 F.3d 1067 (4th Cir. 1994) (table decision) ("[W]e find that the notice of appeal filed within the objection period should be construed as an objection to the magistrate judge's report.").

A district court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1)(C). This court is not, however, required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary. *Howard's Yellow Cabs, Inc. v. United States*, 987 F.Supp. 469, 474 (W.D.N.C. 1997). A litigant who makes only vague objections to the magistrate's findings prevents the district court from focusing on disputed issues and thus renders the initial referral to the magistrate judge useless. *Id.* Such a general objection does not meet the requirements of 28 U.S.C. § 636(b)(1), and failure to file a specific objection constitutes a waiver of the right to de novo review. *Id.* (citin*g Mercado v. Perez Vega*, 853 F.Supp. 42, 44 (D.P.R.1993)).

In this case, the petitioner does not direct any specific objections to the Magistrate Judge's PF&R, but instead asks for the same relief that the Magistrate Judge recommended be denied. (*See* Appeal No. 14-1317, Appeal for Writ of Mandamus [Docket 2]). Because the petitioner's appeal

for writ of mandamus, which I now construe as an objection, does not address any specific error by the Magistrate Judge, the court **FINDS** that a de novo review is not required. Accordingly, the court accepts and incorporates herein the findings and recommendation of the Magistrate Judge and orders judgment consistent with the findings and recommendations. The court **OVERRULES** the petitioner's objection and **DENIES** the petitioner's Petition for Writ of Mandamus [Docket 1]. The court **DIRECTS** this action to be removed from the docket.

The court further **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:        June 27, 2014

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE